JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, | FRANKLIN ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER <br> **EDL    ADR** |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Marin County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.    Sonoma County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109  (415) 674-8600

ATTORNEYS (IF KNOWN)
Unknown

## ORIGINAL

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transfered from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault Libel & Slander <br> ☐ 330 Federal Employers Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury Med Malpractice <br> ☐ 365 Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 RR & Truck <br> ☐ 650 Airline Regs <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt Relations <br> ☐ 730 Labor/Mgmt Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl.Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (US Plaintiff or Defendant <br> ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce/ICC Rates/etc. <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Satellite TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes <br> ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 Amer w/ disab - Empl <br> ☒ 446 Amer w/ disab - Other | **PRISONER PETITIONS** <br> ☐ 510 Motion to Vacate Sentence Habeas Corpus: <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $_____  ☐ CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23    JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  5/20/08    SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   *A Professional Law Corporation*
    2806 Van Ness Avenue
3   San Francisco, CA 94109
    Telephone:    415/674-8600
4   Facsimile:    415/674-9900

5   Attorneys for Plaintiffs
    CRAIG YATES
6   and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION,
7   SERVICES: HELPING YOU
    HELP OTHERS
8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11  CRAIG YATES, an individual; and      )   CASE NO. **CV 08     3004**
    DISABILITY RIGHTS, ENFORCEMENT, )    **Civil Rights**
12  EDUCATION, SERVICES:HELPING YOU)
    HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
13  corporation,                         )   **AND DAMAGES:**
                                         )
14              Plaintiffs,              )   **1st CAUSE OF ACTION:** For Denial of Access
                                         )   by a Public Accommodation in Violation of the
15  v.                                   )   Americans with Disabilities Act of 1990 (42
                                         )   U.S.C. §12101, *et seq.*)
16  FRANKLIN ARDEN LLC, dba              )
    GRAVENSTEIN BUSINESS CENTER,         )   **2nd CAUSE OF ACTION:** For Denial of Full
17                                       )   and Equal Access in Violation of California
                Defendant.               )   Civil Code §§54, 54.1 and 54.3
18  _____ )
                                             **3rd CAUSE OF ACTION:** For Denial of
19                                           Accessible Sanitary Facilities in Violation of
                                             California Health & Safety Code §19955, *et seq.*
20
                                             **4th CAUSE OF ACTION:** For Denial of
21                                           Access to Full and Equal Accommodations,
                                             Advantages, Facilities, Privileges and/or
22                                           Services in Violation of California Civil Code
                                             §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                           **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
                                                                          1

1 Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3 corporation (hereinafter sometimes referred to as "DREES"), complain of defendant FRANKLIN

4 ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER and allege as follows:

5 **INTRODUCTION:**

6     1.    This is a civil rights action for discrimination against persons with physical

7 disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

8 members, for failure to remove architectural barriers structural in nature at defendants'

9 GRAVENSTEIN BUSINESS CENTER, a place of public accommodation, thereby

10 discriminatorily denying plaintiffs and the class of other similarly situated persons with physical

11 disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit

12 from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive

13 relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101,

14 *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code

15 §19955, *et seq.*

16     2.    Plaintiff CRAIG YATES  is a person with physical disabilities who, on or about

17 March 29, 2007, August 30, 2007, October 18, 2007, April 11, 2008 and May 6, 2008, was an

18 invitee, guest, patron, customer at the defendant's tenants' public accommodation, Good To Go

19 Military, in the City of Cotati, California.  At said time and place, defendant failed to provide

20 proper legal access to the Asiana Video; Cavalry Life Center/Administrative Office; Cullenen

21 Hand Therapy; Defenite Impressions; Fairfax French Cleaners; Good To Go Military Surplus;

22 Montana Hawk Shooting Range; Paragon Screen Printing; Scott, McDougall & Associates; Spa

23 Land; and Studio FX, each of which is a "public accommodation" and/or a "public facility"

24 including, but not limited to signage, parking and ramps/curb cuts . The denial of access was in

25 violation of both federal and California legal requirements, and plaintiff CRAIG YATES

26 suffered violation of his civil rights to full and equal access, and was embarrassed and

27 humiliated.

28

1 **JURISDICTION AND VENUE:**

2    3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.
4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 California law, whose goals are closely tied with the ADA, including but not limited to violations
7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 *seq.*, including §19959; Title 24 California Building Standards Code.

9    4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 founded on the facts that the real property which is the subject of this action is located at/near
11 7950 Redwood Drive, in the City of Cotati, County of Sonoma, State of California, and that
12 plaintiffs' causes of action arose in this county.

13 **PARTIES:**

14    5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16 disabled", "physically handicapped" and "person with physical disabilities" are used
17 interchangeably, as these words have similar or identical common usage and legal meaning, but
18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other
20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of
24 that portion of the public whose rights are protected by the provisions of Health & Safety Code
25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

2   HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

3   with persons with disabilities to empower them to be independent in American society.  DREES

4   accomplishes its goals and purposes through education on disability issues, enforcement of the

5   rights of persons with disabilities, and the provision of services to persons with disabilities, the

6   general public, public agencies and the private business sector.  DREES brings this action on

7   behalf of its members, many of whom are persons with physical disabilities and whom have

8   standing in their right to bring this action.

9       7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

10   and invitees at the subject Good To Go Military Surplus and GRAVENSTEIN BUSINESS

11   CENTER for which it is a part, and that the interests of plaintiff DREES in removing

12   architectural barriers at the subject GRAVENSTEIN BUSINESS CENTER advance the purposes

13   of DREES to assure that all public accommodations, including the subject Good To Go Military

14   Surplus, are accessible to independent use by mobility-impaired persons.  The relief sought by

15   plaintiff DREES as alleged herein is purely statutory in nature.

16       8.    Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN BUSINESS

17   CENTER  (hereinafter alternatively collectively referred to as "defendant") is the owner and

18   operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public

19   accommodation known as GRAVENSTEIN BUSINESS CENTER, located at/near 7950

20   Redwood Drive, Cotati, California, or of the building and/or buildings which constitute said

21   public accommodation.

22       9.    At all times relevant to this complaint, defendant FRANKLIN ARDEN LLC, dba

23   GRAVENSTEIN BUSINESS CENTER, owns and operates in joint venture the subject

24   GRAVENSTEIN BUSINESS CENTER as a public accommodation.  This business is open to the

25   general public and conducts business therein. Each business within the center  is a "public

26   accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

27   51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

28   *seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  10.  At all times relevant to this complaint, defendant FRANKLIN ARDEN LLC, dba

2  GRAVENSTEIN BUSINESS CENTER is jointly and severally responsible to identify and

3  remove architectural barriers at the subject GRAVENSTEIN BUSINESS CENTER pursuant to

4  Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

5  **§ 36.201  General**

6  (b) *Landlord and tenant responsibilities.* Both the landlord
   who owns the building that houses a place of public
7  accommodation and the tenant who owns or operates the place of
   public accommodation are public accommodations subject to the
8  requirements of this part. As between the parties, allocation of
   responsibility for complying with the obligations of this part may
9  be determined by lease or other contract.

10  28 CFR §36.201(b)

11 **PRELIMINARY FACTUAL ALLEGATIONS:**

12  11.  The GRAVENSTEIN BUSINESS CENTER, is a commercial center consisting of

13  the following places of public accommodation: Asiana Video; Cavalry Life

14  Center/Administrative Office; Cullinen Hand Therapy; Defenite Impressions;  Fairfax French

15  Cleaners; Good To Go Military Surplus; Montana Hawk Shooting Range; Paragon Screen

16  Printing; Scott, McDougall & Associates; Spa Land; and Studio FX , located at/near 7950

17  Redwood Drive #2, Cotati, California.  The GRAVENSTEIN BUSINESS CENTER, its signage,

18  parking, ramps/curb cuts, and its other facilities are each a "place of public accommodation or

19  facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On

20  information and belief, each such facility has, since July 1, 1970, undergone "alterations,

21  structural repairs and additions", each of which has subjected the GRAVENSTEIN BUSINESS

22  CENTER and each of its facilities, its signage, parking, ramps/curb cuts to disability access

23  requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and

24  Title 24 of the California Code of regulations (Title 24).

25  12.  At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

26  13.  At all times referred to herein and continuing to the present time, defendant, and

27  each of them, advertised, publicized and held out the GRAVENSTEIN BUSINESS CENTER as

28  being handicapped accessible and handicapped usable.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    14.    On or about March 29, 2007, August 30, 2007, October 18, 2007, April 11, 2008

2    and May 6, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject Good To Go

3    Military Surplus, one of the places of public accommodation within the GRAVENSTEIN

4    BUSINESS CENTER, for purposes of purchasing clothes.

5    15.    On or about March 29, 2007, plaintiff CRAIG YATES drove into the parking lot

6    of GRAVENSTEIN BUSINESS CENTER. It was plaintiff CRAIG YATES intention to

7    patronize Good To Go Military Surplus, which he did. Plaintiff CRAIG YATES while parking

8    and wheeling to Good To Go Military Surplus encountered architectural barriers to wit:

9    •    lack of van accessible parking; and

10    •    ramps that were in the access aisles which were also too steep.

11    16.    On or about August 30, 2007, plaintiff CRAIG YATES patronized Good To Go

12    Military Surplus. Plaintiff CRAIG YATES encountered the same parking barriers as previously

13    stated herein.

14    17.    On or about September 4, 2007, plaintiff CRAIG YATES wrote both the landlord

15    and tenant of Good To Go Military Surplus about the parking problems and his concerns.

16    Plaintiff suggested that the tenants get together with the landlord and remedy the parking

17    problems.

18    18.    On or between September 6, 2007 and September 11, 2007, plaintiff CRAIG

19    YATES received a phone message from "Jean" of Good To Go Military Surplus, in substance

20    stating, she received the letter and was looking into the mater.

21    19.    On or about September 11, 2007, plaintiff CRAIG YATES wrote "Jean" of Good

22    To Go Military Surplus in response to her message.

23    20.    On or about October 18, 2007, plaintiff CRAIG YATES returned to Good To Go

24    Military Surplus in the GRAVENSTEIN BUSINESS CENTER. Plaintiff CRAIG YATES saw

25    that no remedial work had been done to the parking lot. Plaintiff CRAIG YATES encountered

26    all of the same barriers as stated herein. Plaintiff CRAIG YATES mentioned these problems to

27    Jean.

28    ///

1    21.    Sometime between January and March of 2008, plaintiff CRAIG YATES on a

2 rainy day drove through the parking lot of GRAVENSTEIN BUSINESS CENTER. It appeared

3 that the parking lot had been restriped but the parking space(s) for the disabled and the ramps

4 therein were not "ADAAG" compliant.

5    22.    On or about April 11, 2008, plaintiff CRAIG YATES once again patronized Good

6 To Go Military Surplus at the GRAVENSTEIN BUSINESS CENTER. Plaintiff CRAIG

7 YATES encountered all the same barriers as stated herein. No remedial work had been done to

8 any aspect of the parking lot.

9    23.    On or about May 6, 2008, plaintiff CRAIG YATES wrote "Jean" at Good To Go

10 Military Surplus relative to the parking lot not being repaired and the appearance of the new

11 striping. Plaintiff CRAIG YATES mailed the letter. Thereafter, plaintiff CRAIG YATES was in

12 the vicinity of the GRAVENSTEIN BUSINESS CENTER.

13    24.    At said time and place, plaintiff CRAIG YATES drove to Good To Go Military

14 Surplus. Plaintiff CRAIG YATES could see that no remedial work had been done in the parking

15 lot. Plaintiff CRAIG YATES parked in a non complying parking space marked as "accessible."

16 Plaintiff CRAIG YATES shopped at Good To Go Military Surplus.

17    25.    On or about noon, May 7, 2008, plaintiff CRAIG YATES received a telephone

18 message from "Jean" of Good To Go Military Surplus. The message in substance was, "She

19 received the letter of May 6, 2008, and she knows the issues are ramping and parking. That she

20 only leases and this is not her responsibility. She gave the letter to the landlord. The landlord

21 had someone check out the parking lot, and it complies with all codes. She asked that he,

22 (plaintiff CRAIG YATES) not contact her any longer and to take her out of the loop."

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1    26.    Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a

2    disability, encountered the following inaccessible elements of the subject GRAVENSTEIN

3    BUSINESS CENTER which constituted architectural barriers and a denial of the proper and

4    legally-required access to a public accommodation to persons with physical disabilities including,

5    but not limited to:

6           a.    lack of directional signage to show accessible routes of travel, i.e.
                  entrances;
7
            b.    lack of disabled van accessible parking stall(s);
8
            c.    lack of the requisite type and number of disabled parking stall(s)
9
            d.    lack of an accessible entrance/curb cuts from access aisles onto the
10                sidewalk of GRAVENSTEIN BUSINESS CENTER; and

11          e.    On personal knowledge, information and belief, other public facilities and
                  elements too numerous to list were improperly inaccessible for use by
12                persons with physical disabilities.

13    27.    At all times stated herein, the existence of architectural barriers at defendants'

14    place of public accommodation evidenced "actual notice" of defendants' intent not to comply

15    with the Americans with Disabilities Act of 1990 either then, now or in the future.

16    28.    On or about September 4, 2007, September 11, 2007 and May 6, 2008,

17    defendant(s) were sent four (4) letters by or on behalf of plaintiff CRAIG YATES advising of the

18    existence of architectural barriers, requesting a response within 14 days and requesting remedial

19    measures be undertaken within 90 days or an explanation of why the time limit set could not be

20    met and/or extenuating circumstances. Plaintiff CRAIG YATES received a phone call from

21    "Jean" of Good To Go Military Surplus but nothing came of the call. Said letters are attached

22    hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

23    29.    At all times stated herein, defendants, and each of them, did not act as reasonable

24    and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

25    removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from

26    receiving the same goods and services as able bodied people and some of which may and did pose

27    a threat of harm and/or personal injury to people with disabilities.

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1      30.     As a legal result of defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN

2   BUSINESS CENTER 's failure to act as a reasonable and prudent public accommodation in

3   identifying, removing or creating architectural barriers, policies, practices and procedures that

4   denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as

5   alleged herein.

6      31.     As a further legal result of the actions and failure to act of defendants, and as a

7   legal result of the failure to provide proper handicapped-accessible public facilities as set forth

8   herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

9   CRAIG YATES  suffered a loss of his civil rights and his rights as a person with physical

10   disabilities to full and equal access to public facilities.

11      32.     Further, plaintiff CRAIG YATES  suffered emotional distress, mental

12   distress, mental suffering, mental anguish, which includes, but is not limited to, shame,

13   humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally

14   associated with a person with physical disabilities being denied access, all to his damages as

15   prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for

16   mental and emotional distress over and above that usually associated with the discrimination and

17   physical injuries claimed, and no expert testimony regarding this usual mental and emotional

18   distress will be presented at trial in support of the claim for damages.

19      33.     Defendants', and each of their, failure to remove the architectural barriers

20   complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

21   accommodation, and continues to create continuous and repeated exposure to substantially the

22   same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

23      34.     Plaintiff CRAIG YATES and the membership of DREES were denied their rights

24   to equal access to a public facility by defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN

25   BUSINESS CENTER , because defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN

26   BUSINESS CENTER maintained a business center without access for persons with physical

27   disabilities to its facilities, including but not limited to the signage, parking, ramps/curb cuts , and

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  other public areas as stated herein, and continue to the date of filing this complaint to deny equal
2  access to plaintiffs and other persons with physical disabilities in these and other ways.

3      35.    On information and belief, construction alterations carried out by defendants have
4  also triggered access requirements under both California law and the Americans with Disabilities
5  Act of 1990.

6      36.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the
7  GRAVENSTEIN BUSINESS CENTER  to be made accessible to meet the requirements of both
8  California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so
9  long as defendants operate the business center as a public facility.

10      37.    Plaintiffs seek damages for violation of their civil rights on March 29, 2007,
11 August 30, 2007, October 18, 2007, April 11, 2008 and May 6, 2008 and the one (1) day that
12 plaintiff CRAIG YATES drove through the parking lot only to view it, and they seek statutory
13 damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to
14 Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the
15 date that some or all remedial work should have been completed under the standard that the
16 landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was
17 readily achievable to do so, which deterred plaintiff CRAIG YATES  from returning to the subject
18 public accommodation because of his  knowledge and/or belief that neither some or all
19 architectural barriers had been removed and that said premises remains inaccessible to persons
20 with disabilities whether a wheelchair user or otherwise.

21      38.    On information and belief, defendants have been negligent in their affirmative duty
22 to identify the architectural barriers complained of herein and negligent in the removal of some or
23 all of said barriers.

24      39.    Because of defendants' violations, plaintiffs and other persons with physical
25 disabilities are unable to use public facilities such as those owned and operated by defendants on a
26 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
27 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
28 other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

1 defendants to make the GRAVENSTEIN BUSINESS CENTER accessible to persons with
2 disabilities.

3      40.     On information and belief, defendants have intentionally undertaken to modify and
4 alter existing building(s), and have failed to make them comply with accessibility requirements
5 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
6 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
7 and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried
8 out by defendant, and each of them, with a willful and conscious disregard for the rights and
9 safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as
10 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
11 defendants, and each of them, to other operators of other business centers and other public
12 facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5
13 and 54.

14      41.     Plaintiffs are informed and believe and therefore allege that defendant FRANKLIN
15 ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER, and each of them, caused the subject
16 building(s) which constitute the GRAVENSTEIN BUSINESS CENTER to be constructed,
17 altered and maintained in such a manner that persons with physical disabilities were denied full
18 and equal access to, within and throughout said building(s) of the GRAVENSTEIN BUSINESS
19 CENTER and were denied full and equal use of said public facilities. Furthermore, on
20 information and belief, defendant has continued to maintain and operate said center and/or its
21 building(s) in such conditions up to the present time, despite actual and constructive notice to
22 such defendant that the configuration of the center and/or its building(s) is in violation of the civil
23 rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of
24 plaintiff DREES and the disability community which DREES serves. Such construction,
25 modification, ownership, operation, maintenance and practices of such public facilities are in
26 violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42
27 U.S.C. §12101, *et seq.*

28 ///

11

1   42. On personal knowledge, information and belief, the basis of defendants' actual and

2 constructive notice that the physical configuration of the facilities including, but not limited to,

3 architectural barriers constituting the GRAVENSTEIN BUSINESS CENTER and/or building(s)

4 was in violation of the civil rights of persons with physical disabilities, such as plaintiffs,

5 includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES

6 himself, sponsors of conferences, owners of other restaurants, hotels, motels and businesses,

7 notices they obtained from governmental agencies upon modification, improvement, or substantial

8 repair of the subject premises and other properties owned by these defendants, newspaper articles

9 and trade publications regarding the Americans with Disabilities Act of 1990 and other access

10 laws, public service announcements by former U.S. Attorney General Janet Reno between 1993

11 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make

12 the center accessible is further evidence of defendants' conscious disregard for the rights of

13 plaintiff and other similarly situated persons with disabilities.  Despite being informed of such

14 effect on plaintiff and other persons with physical disabilities due to the lack of accessible

15 facilities, defendant, and each of them, knowingly and willfully refused to take any steps to rectify

16 the situation and to provide full and equal access for plaintiffs and other persons with physical

17 disabilities to the center.  Said defendant, and each of them, have continued such practices, in

18 conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to

19 the date of filing of this complaint, and continuing thereon.  The defendant had further actual

20 knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed

21 to the defendants' and served concurrently with the summons and complaint.  Said conduct, with

22 knowledge of the effect it was and is having on plaintiffs and other persons with physical

23 disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of

24 plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per

25 Civil Code §§52 and 54.3.

26   43. Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

27 the disability community which it serves, consisting of persons with disabilities, would, could and

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  will return to the subject public accommodation when it is made accessible to persons with

2  disabilities.

3  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
   **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
   (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
5  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
   corporation and Against Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN
6  BUSINESS CENTER , inclusive)
   (42 U.S.C. §12101, *et seq.*)
7
         44.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
8
   allegations contained in paragraphs 1 through 43 of this complaint.
9
         45.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.
10
   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully
11
   protect:
12
            some 43 million Americans with one or more physical or mental
13          disabilities; [that] historically society has tended to isolate and
            segregate individuals with disabilities; [that] such forms of
14          discrimination against individuals with disabilities continue to be a
            serious and pervasive social problem; [that] the nation's proper
15          goals regarding individuals with disabilities are to assure equality of
            opportunity, full participation, independent living and economic
16          self-sufficiency for such individuals; [and that] the continuing
            existence of unfair and unnecessary discrimination and prejudice
17          denies people with disabilities the opportunity to compete on an
            equal basis and to pursue those opportunities for which our free
18          society is justifiably famous.

19         46.    Congress stated as its purpose in passing the Americans with Disabilities Act of

20  1990 (42 U.S.C. §12102):

21          It is the purpose of this act (1) to provide a clear and comprehensive
            national mandate for the elimination of discrimination against
22          individuals with disabilities; (2) to provide clear, strong, consistent,
            enforceable standards addressing discrimination against individuals
23          with disabilities; (3) to ensure that the Federal government plays a
            central role in enforcing the standards established in this act on
24          behalf of individuals with disabilities; and (4) to invoke the sweep
            of Congressional authority, including the power to enforce the 14th
25          Amendment and to regulate commerce, in order to address the
            major areas of discrimination faced day to day by people with
26          disabilities.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> ---
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or
> other sales or rental establishment;
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe
> repair service, funeral parlor, gas station, office of an accountant or lawyer,
> pharmacy, insurance office, professional office of a health care provider, hospital
> or other service establishment; and
>
> (L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise
> or recreation.
>
> 42 U.S.C. §12181(7)(E)(F) and (L)

48.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation".

49.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be necessary
> for the provision of the goods, services, facilities, privileges,
> advantages, or accommodations being offered;
>
> (ii)    a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications
> would fundamentally alter the nature of such goods, services,
> facilities, privileges, advantages, or accommodations;

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1

        (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

2

3

4

5

        (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

6

7

        (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

8

9

10 The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

11 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

12 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

13 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

14       50.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

15 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

16 GRAVENSTEIN BUSINESS CENTER pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On

17 information and belief, if the removal of all the barriers complained of herein together was not

18 "readily achievable," the removal of each individual barrier complained of herein was "readily

19 achievable." On information and belief, defendants' failure to remove said barriers was likewise

20 due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

21 (b)(2)(A)(i)and (ii).

22       51.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

23 accomplishable and able to be carried out without much difficulty or expense." The statute

24 defines relative "expense" in part in relation to the total financial resources of the entities

25 involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

26 plaintiffs complain of herein were and are "readily achievable" by the defendants under the

27 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
2  make the required services available through alternative methods which were readily achievable.

3      52.    On information and belief, construction work on, and modifications of, the subject
4  building(s) of GRAVENSTEIN BUSINESS CENTER occurred after the compliance date for the
5  Americans with Disabilities Act, January 26, 1992, independently triggering access requirements
6  under Title III of the ADA.

7      53.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
8  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
9  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
10  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
11  are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
12  returning to or making use of the public facilities complained of herein so long as the premises
13  and defendants' policies bar full and equal use by persons with physical disabilities.

14      54.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
15  disability to engage in a futile gesture if such person has actual notice that a person or
16  organization covered by this title does not intend to comply with its provisions". Pursuant to this
17  section, plaintiff CRAIG YATES  has not returned to defendants' premises since on or about
18  May 6, 2008, but on information and belief, alleges that defendants have continued to violate the
19  law and deny the rights of plaintiffs and of other persons with physical disabilities to access this
20  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
21  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
22  facilities readily accessible to and usable by individuals with disabilities to the extent required by
23  this title".

24      55.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights
25  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
26  the Americans with Disabilities Act of 1990, including but not limited to an order granting
27  injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being
28  deemed to be the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

56.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 55 of this complaint.

57.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

58.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

59.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

60. Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' GRAVENSTEIN BUSINESS CENTER. As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the GRAVENSTEIN BUSINESS CENTER because of their knowledge and belief that the GRAVENSTEIN BUSINESS CENTER is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

61. On or about March 29, 2007, August 30, 2007, October 18, 2007, April 11, 2008 and May 6, 2008, and the one (1) day wherein plaintiff CRAIG YATES drove through the non complying parking lot, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to the GRAVENSTEIN BUSINESS CENTER due to non compliant parking stalls and ramps and other public facilities as stated herein at the GRAVENSTEIN BUSINESS CENTER and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

///

///

///

1    62.     As a result of the denial of equal access to defendants' facilities due to the acts and
2    omissions of defendants, and each of them, in owning, operating and maintaining these subject
3    public facilities, plaintiffs suffered violations of plaintiffs' civil rights.

4    63.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
5    anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
6    and worry, all of which are expectedly and naturally associated with a denial of access to a person
7    with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
8    omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are
9    persons or an entity that represents persons with physical disabilities and unable, because of the
10   architectural barriers created and maintained by the defendants in violation of the subject laws, to
11   use the public facilities hereinabove described on a full and equal basis as other persons.

12   64.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
13   and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
14   plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
15   about March 29, 2007, August 30, 2007, October 18, 2007, April 11, 2008 and May 6, 2008, and
16   the one (1) occasion, when plaintiff CRAIG YATES drove through the parking lot to view it , and
17   on a continuing basis since then, including statutory damages, a trebling of all of actual damages,
18   general and special damages available pursuant to §54.3 of the Civil Code according to proof.

19   65.     As a result of defendants', and each of their, acts and omissions in this regard,
20   plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
21   plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
22   disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
23   the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit
24   for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
25   plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
26   to compel the defendants to make their facilities accessible to all members of the public with
27   disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
28   the provisions of §1021.5 of the Code of Civil Procedure.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
       **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
3        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
4        corporation and Against Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN
         BUSINESS CENTER, inclusive)
5        (Health & Safety Code §19955, *et seq.*)

6        66.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

7  allegations contained in paragraphs 1 through 65 of this complaint.

8        67.     Health & Safety Code §19955 provides in pertinent part:

9             The purpose of this part is to insure that public accommodations or
              facilities constructed in this state with private funds adhere to the
10            provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
              of Title 1 of the Government Code. For the purposes of this part
11            "public accommodation or facilities" means a building, structure,
              facility, complex, or improved area which is used by the general
12            public and shall include auditoriums, hospitals, theaters, restaurants,
              hotels, motels, stadiums, and convention centers. When sanitary
13            facilities are made available for the public, clients or employees in
              such accommodations or facilities, they shall be made available for
14            the handicapped.

15       68.     Health & Safety Code §19956, which appears in the same chapter as §19955,

16 provides in pertinent part, "accommodations constructed in this state shall conform to the

17 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

18 Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

19 public accommodations constructed or altered after that date. On information and belief, portions

20 of the GRAVENSTEIN BUSINESS CENTER and/or of the building(s) were constructed and/or

21 altered after July 1, 1970, and substantial portions of the GRAVENSTEIN BUSINESS CENTER

22 and/or the building(s) had alterations, structural repairs, and/or additions made to such public

23 accommodations after July 1, 1970, thereby requiring said center and/or building to be subject to

24 the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration,

25 structural repairs or additions per Health & Safety Code §19959.

26       69.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

27 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

28 1982, Title 24 of the California Building Standards Code adopted the California State Architect's

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1  Regulations and these regulations must be complied with as to any alterations and/or

2  modifications of GRAVENSTEIN BUSINESS CENTER and/or the building(s) occurring after

3  that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access

4  requirements pursuant to the "ASA" requirements, the American Standards Association

5  Specifications, A117.1-1961. On information and belief, at the time of the construction and

6  modification of said building, all buildings and facilities covered were required to conform to

7  each of the standards and specifications described in the American Standards Association

8  Specifications and/or those contained in Title 24 of the California Building Standards Code.

9      70.    Business centers such as the GRAVENSTEIN BUSINESS CENTER are "public

10  accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

11     71.    As a result of the actions and failure to act of defendants, and as a result of the

12  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

13  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

14  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

15  public facilities.

16     72.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

17  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

18  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

19  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

20  and to take such action both in plaintiffs' own interests and in order to enforce an important right

21  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

22  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

23  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

24  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

25  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

26  3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

27  party.

28  ///

73.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs FRANKLIN ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER, inclusive)
(Civil Code §51, 51.5)

74.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 73 of this complaint.

75.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

5      A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

7  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

8  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

9  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

10  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

11  defendants, and each of them.

12  76.    The acts and omissions of defendants stated herein are discriminatory in nature and

13  in violation of Civil Code §51.5:

14      No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

18      As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

20      Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

25  77.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal

26  accommodations, advantages, facilities, privileges and services in a business establishment, on the

27  basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

28  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1 right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

2 shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of

3 their above cause of action for violation of the Americans with Disabilities Act at §44, *et seq*., as

4 if repled herein.

5      78.     As a legal result of the violation of plaintiff CRAIG YATES's civil rights as

6 hereinabove described, plaintiff CRAIG YATES has suffered general and statutory damages on or

7 about March 29, 2007, August 30, 2007, October 18, 2007, April 11, 2008 and May 6, 2008, and

8 on one (1) occasion during the early winter months of 2008 when plaintiff CRAIG YATES drove

9 through the parking lot.

10      79.     Further, plaintiff CRAIG YATES suffered, emotional distress (all to plaintiff's

11 damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG

12 YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including

13 trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general

14 damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to

15 proof if deemed to be the prevailing party.

16 **PRAYER:**

17      Plaintiffs pray that this court award damages and provide relief as follows:

18 **I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
     PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

19 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
     (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

20     EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
     corporation, and Against Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN

21     BUSINESS CENTER , inclusive)
     (42 U.S.C. §12101, *et seq.*)

22      1.     For injunctive relief, compelling defendant FRANKLIN ARDEN LLC, dba

23 GRAVENSTEIN BUSINESS CENTER, inclusive, to make the GRAVENSTEIN BUSINESS

24 CENTER, located at 7950 Redwood Drive #2, Cotati, California, readily accessible to and usable

25 by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable

26 modifications in policies, practice, eligibility criteria and procedures so as to afford full access to

27 the goods, services, facilities, privileges, advantages and accommodations being offered.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

2 the prevailing party; and

3    3.    For such other and further relief as the court may deem proper.

4 **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
    EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
5 **    AND 54.3, *ET SEO.***
    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
6    EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
    corporation, and Against Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN
7    BUSINESS CENTER, inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)

8    1.    For injunctive relief, compelling defendant FRANKLIN ARDEN LLC, dba

9 GRAVENSTEIN BUSINESS CENTER, inclusive, to make the GRAVENSTEIN BUSINESS

10 CENTER, located at 7950 Redwood Drive #2, Cotati, California, readily accessible to and usable

11 by individuals with disabilities, per state law.

12    2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

13 each occasion on which plaintiffs were deterred from returning to the subject public

14 accommodation.

15    3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

16 §1021.5, if plaintiffs are deemed the prevailing party;

17    4.    Treble damages pursuant to Civil Code §54.3;

18    5.    For all costs of suit;

19    6.    Prejudgment interest pursuant to Civil Code §3291;

20    7.    Such other and further relief as the court may deem just and proper.

21 **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
    EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
22 **    AND 54.3, *ET SEO.***
    (On Behalf of Plaintiff CRAIG YATES, and Against Defendant FRANKLIN ARDEN
23    LLC, dba GRAVENSTEIN BUSINESS CENTER , inclusive),
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)
24

25    1.    General and compensatory damages according to proof.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

**IV. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** *ET. SEO.*
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER, inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER, inclusive, to make the GRAVENSTEIN BUSINESS CENTER, located at 7950 Redwood Drive #2, Cotati, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

**V. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.     Treble damages pursuant to Civil Code §52(a);

4.     For all costs of suit;

5.     Prejudgment interest pursuant to Civil Code §3291; and

6.     Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendant FRANKLIN ARDEN LLC, dba GRAVENSTEIN BUSINESS CENTER , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: _____, 2008        THOMAS E. FRANKOVICH
                                  *A PROFESSIONAL LAW CORPORATION*

By: _____
        THOMAS E. FRANKOVICH
Attorneys for Plaintiffs CRAIG YATES and
DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
SERVICES:HELPING YOU HELP OTHERS, a California
public benefit corporation

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _____, 2008        THOMAS E. FRANKOVICH
                                  *A PROFESSIONAL LAW CORPORATION*

By: _____
        THOMAS E. FRANKOVICH
Attorneys for Plaintiffs CRAIG YATES and
DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
SERVICES:HELPING YOU HELP OTHERS, a California
public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Recycled     Stock # R DOA-10-B

Craig Yates

1004 Los Gamos Road, Unit 3

San Rafael, CA 94903

September 4, 2007

Manager

Go To Military Supply

7950 Redwood Drive #2

Cotati, CA 94931

Dear Manager of Go To Military Supply:

Recently, I visited Go To Military Supply. As I use a wheelchair, I had problems with the parking and ramps. They need to be fixed. As a tenant you should get together with Gravenstein Business Center and the other tenants and make accessible parking, curb cuts, or good ramps.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to The Center once it's accessible to me. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. http://www.usdoj.gov/crt/ada/adahom1.htm.Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates

1004 Los Gamos Road, Unit 3

San Rafael, CA 94903

September 4, 2007

Owner of Building

Go To Military Supply

7950 Redwood Drive #2

Cotati, CA 94931

Dear Owner of Building for Go To Military Supply:

Recently, I visited Go To Military Supply. As I use a wheelchair, I had problems with the parking and ramps. They need to be fixed. As a tenant you should get together with Gravenstein Business Center and the other tenants and make accessible parking, curb cuts, or good ramps.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to The Center once it's accessible to me. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. http://www.usdoj.gov/crt/ada/adahom1.htm.Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

September 11, 2007

Go To Military Supply
7950 Redwood Dr.
Cotati, Ca. 94931

707-794-9811 store
707-794-9808 fax

Dear Business Operator, Jean

The parking lot has a disabled parking space, but for use and comfort of quality to load and unload, the space isn't according to ADA. The ramp that allows one to go up onto the side walk as well move down to enter ones vehicle isn't correct. This ramp shouldn't be on the marked area with diagonal lines, there should be an opening into the side walk allowing a ramp to enter the sidewalk right or left.

The property owner is responsible for this condition, you and the property owner can If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the 9ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

Thank you, appreciate your call regarding these concerns, look forward to the conditions being resolved.

Craig Thomas Yates
1004 Los Gamos Rd. Unit E
San Rafael, Ca. 94903

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

May 6, 2008

"Jean"
Go to Military
7950 Redwood Dr.
Cotati, CA 94931

Dear Jean:

      Since September 2007, I've been back to the Gravenstein Business Center and Go to Military. I wrote and spoke to you about the parking and ramp problems. I even sent a letter to the owner of the building to your address. I've been back and the building owner hasn't done anything. Why is that?

      Anyway, the rainy season came and went and it looked to me that the parking lot was re-striped but that the parking for the disabled and the ramps weren't taken care of. If I'm right, that was the perfect opportunity to do the work. Don't you agree?

      Can I assume you sent my letters off to the landlord and that the landlord was aware that when I wrote you in September 2007 that I thought the landlord and tenants should get together and fix it up for everyone's benefit? I still think that was a good idea but it doesn't look like that's gonna happen. What do you think, Jean?

      Oh well, I'm disappointed but was curious why it didn't happen while the re-striping went on. Satisfy my curiosity as to why it didn't happen. Hope to hear from you soon.

Thank You,

Craig Yates